1  Julie E. Schwartz, CA Bar No. 260624
2  JSchwartz@perkinscoie.com
   PERKINS COIE LLP
3  1201 Third Avenue, Suite 4900
   Seattle, Washington 98101-3099
4  Telephone: +1.206.359.8000
   Facsimile: +1.206.359.9000
5
   Hayden M. Schottlaender, TX Bar No. 24098391
6  *Pro Hac Vice Application Pending*
   HSchottlaender@perkinscoie.com
7  PERKINS COIE LLP
   500 N. Akard Street, Suite 3300
8  Dallas, Texas 75201
   Telephone: +1.214.965.7700
9  Facsimile: +1.214.965.7799

10 Attorneys for Reddit, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**Originating Case:** *After II Movie LLC., et al. v. Grande Communications Networks LLC, No. 1:21-cv-00709 (W.D. Tex.)*

| | |
|---|---|
| In re Subpoena to:<br><br>Reddit, Inc. | **CASE NO. 3:23-mc-80173**<br><br>**NON-PARTY REDDIT, INC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Date: July 27, 2023<br>Time: 9:30 a.m.<br>Judge: Hon. Laurel Beeler |

## I. INTRODUCTION

Plaintiffs' Motion seeks to unmask six anonymous Reddit users that Plaintiffs assume to have committed copyright infringement using Grande, an internet service provider (ISP). If these Reddit users did engage in copyright infringement on Grande's networks, then Plaintiffs hope to learn whether the users were drawn to Grande for the ease of infringement. Weeks ago, this Court denied a nearly identical motion by these same Plaintiffs in *In re Reddit, Inc.*, – F. Supp. 3d –, 2023 WL 3163455 (N.D. Cal. Apr. 28, 2023) (Beeler, M.J.) ("*RCN*"). But rather than returning with better facts capable of meeting the applicable First Amendment standard, Plaintiffs here offer worse facts–expressly acknowledging that they have no need to identify these Reddit users at all.

In *RCN*, Plaintiffs subpoenaed Reddit to unmask a number of anonymous Reddit users for the same reasons that they seek to unmask the users here. *Id.* at *1. Reddit objected based on those users' First Amendment rights, Plaintiffs moved to compel Reddit's compliance, and this Court denied that motion because the governing *2TheMart* standard requires Plaintiffs to show that identifying the users supplies "directly and materially relevant" evidence for Plaintiffs' claim that is "unavailable from any other source." *Id.* at *3 (quoting *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001)). This Court ruled that Plaintiffs could not meet the test with respect to that subpoena because it was "implausible" that Reddit users supply an "irreplaceable source" for the type of evidence the Plaintiffs sought. *Id.* at *4. As one example, this Court recognized that RCN, the ISP itself, could serve as an alternate source of evidence about the ease of committing copyright infringement on that ISP's network. *Id.* Indeed, Reddit had expressly argued that Plaintiffs could avoid unmasking the Reddit users in that case by instead obtaining "a list of customers directly from RCN in party discovery, and then contact[ing] those confirmed customers directly. That list could even be narrowed to customers with IP addresses that engaged in piracy." Reddit's Opp. to Mot. to Compel at 15,

*RCN*, 2023 WL 3163455 (N.D. Cal. Feb. 28, 2023).

This Motion involves a nearly identical subpoena to Reddit. Once again, Plaintiffs speculate that certain Reddit users committed copyright infringement on Grande and hope to subpoena them to learn more. But, unlike in *RCN*, the Plaintiffs here have already successfully done exactly what Reddit suggested Plaintiffs do there. Plaintiffs have already obtained from Grande identifying information for 118 of Grande's "top 125 pirating IP addresses." Doc. 1 ("Mot.") ¶¶ 6, 13. That concession dooms the Motion; Plaintiffs cannot possibly establish that unmasking these six Reddit users is the *only* way for Plaintiffs to generate evidence necessary for their claims when they have already succeeded in pursuing an alternative and *better* way. The Motion should therefore be denied for failing the *2TheMart* standard.

## II. BACKGROUND

Reddit is a community of online communities. Declaration of Hayden M. Schottlaender ("Schottlaender Decl.") ¶ 2. Within those communities, called "subreddits," users gather to discuss shared interests. *Id*. Users generally participate on the platform pseudonymously, and Reddit does not require that they use their real names. *Id*.

Plaintiffs are content owners, pursuing a vicarious copyright infringement action against an ISP, Grande Communications Networks, LLC ("Grande"). Mot. ¶ 1; *see also* Schottlaender Decl., Ex. A. They allege that Grande ignores piracy on its networks. Mot. ¶ 3. Discovery in Plaintiffs' underlying case against Grande does not appear to close until at least November 3, 2023. *See* Schottlaender Decl., Ex. B, at 3. Plaintiffs concede that they already possess identifying subscriber information for 118 of Grande's "top 125 pirating IP addresses." Mot. ¶¶ 6, 13.

On April 24, 2023, Plaintiffs sent the instant subpoena to Reddit, seeking to unmask the identities of six Reddit users who posted generally about using Grande to torrent. Mot. ¶ 10; *id*. Ex. 1 (the "Subpoena")[1]. These six Reddit users responded

---

[1] The users are: u/Aikidi, u/kelsoATX, u/xBROKEx, u/Schadenfreude_Taco,

1  to two threads in a subreddit for the city of Austin, Texas. The majority of the users[2]
2  posted over 12 years ago while the remaining two[3] posted five years ago. Mot. Ex. 1.
3        Reddit timely objected to the Subpoena, asserting that it infringed upon
4  Reddit users' First Amendment rights to speak anonymously, and targeted accounts
5  that are irrelevant to the underlying litigation. Mot. ¶ 11; *id*. Ex. 2. In an effort to
6  avoid judicial intervention, the parties then conferred on Reddit's objections but
7  were unable to resolve them. Mot. ¶ 12. Plaintiffs thereafter filed the instant Motion.
8  **III.**    **ARGUMENT**
9        **A.**    <u>**An unmasking subpoena should be quashed under *2TheMart***</u>
10            <u>**where the information sought is available from another source.**</u>
11       *RCN* recently confirmed that this type of unmasking subpoena, targeting a
12 potential witness rather than a potential defendant, is subjected to First
13 Amendment scrutiny under the *2TheMart* standard. *RCN*, 2023 WL 3163455, at *3
14 (citing *2TheMart*, 140 F. Supp. 2d 1088; *Rich v. Butowsky*, No. 20-mc-80081-DMR,
15 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020)). As this Court described:

> disclosure of anonymous users' identities is appropriate only "in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker." Courts consider four factors: whether "(1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source."

22 *Id.* (internal citations omitted).
23       A higher standard for unmasking a non-party witness exists than for
24 unmasking a potential defendant because–unlike the need to identify a potential
25 defendant–litigation can often continue without trampling a non-party witness's
26 First Amendment right to anonymity. *2TheMart*, 140 F. Supp. 2d at 1095.

---

u/Robowiener, and u/SquirtyBottoms.
[2] u/Aikidi, u/kelsoATX, u/Schadenfreude_Taco, and u/xBROKEx.
[3] u/Robowiener and u/SquirtyBottoms.

Consequently, this Court in *RCN* recognized that a dispositive "question here is whether the information is available from 'any' other source." *RCN*, 2023 WL 3163455, at *4; *see also Rich*, 2020 WL 5910069, at *5 (subpoena only enforced because the anonymous account was a singularly "essential witness" for the litigants).

### B. Plaintiffs already have other, less constitutionally invasive sources of even better information.

Plaintiffs cannot show that the information they seek here is unavailable from other sources.[4] As in *RCN*, Plaintiffs justify their First Amendment encroachments here by arguing that they seek evidence: (i) that Grande failed to implement a repeat infringer policy; and (ii) that "the ability to freely pirate" drew customers to Grande. Mot. ¶ 23. But evidence on those issues is not "unavailable" outside of these six targeted Reddit users.

First, this Court has already rejected Plaintiffs' argument as to unavailability and recognized that this information is available from the ISP itself. In *RCN*, this Court recognized that the ISP "is the party that (according to the plaintiffs) 'has not reasonably implemented a policy for terminating repeat infringers,' 'controls the conduct of its subscribers,' and allows its customers 'to freely pirate without consequence.'" *RCN*, 2023 WL 3163455, at *4. As a result, the Court rightly ruled that the "high likelihood that this information is available from [the ISP] defeats the plaintiffs' subpoena[.]" *Id*. The Court rightly recognized it to be "implausible" that

---

[4] While this Opposition focuses on the unavailability factor, Reddit does not concede that the identification of these six Reddit users is "directly and materially" relevant to Plaintiffs' claims. The majority of the posts at issue here are from a conversation twelve years ago. *See* Mot. Ex. 1, at 6–7. This Court rejected a prior unmasking attempt on that basis. *RCN*, 2023 WL 3163455, at *4 ("as Reddit points out, ChikaraFan's comment predates RCN's conduct at issue in this case, thus raising doubt that ChikaraFan's comment is 'directly and materially' relevant."). And the posts are discussing torrenting, which is "capable of commercially significant noninfringing uses," and does not automatically equate to copyright infringement. *Columbia Pictures Indus. v. Fung*, 710 F.3d 1020, 1032–34 (9th Cir. 2013).

targeted Reddit users would offer "an irreplaceable source" of evidence vital to Plaintiffs' contributory infringement claim. *Id.* The change in ISP here does not alter the result; this is the exact same group of Plaintiffs making the exact same arguments under exactly the same circumstances. Mot. ¶ 25. Just as the Court recognized for RCN, Plaintiffs can obtain the evidence they need about Grande's repeat infringer policy directly from Grande.

And second, unlike in *RCN*, Plaintiffs here admit to already possessing evidence far better than what they could obtain from Reddit. In *RCN*, this Court found relevant that the underlying subpoena was issued at the "start of discovery," because Plaintiffs might be able to obtain identifying information from the defendant ISP rather than from Reddit. *RCN*, 2023 WL 3163455, at *4. Here, Plaintiffs have admitted to successfully doing just that; they already possess identifying information for 118 of Grande's "top 125 pirating IP addresses." Mot. ¶¶ 6, 13. That concession dooms Plaintiffs' attempt to satisfy the *2TheMart* standard. Plaintiffs cannot show that the anonymous Reddit accounts possess material information unavailable elsewhere when Plaintiffs already have even better evidence on that topic. Plaintiffs need only subpoena the identified 118 Grande subscribers that are known to have engaged in copyright infringement to learn whether those 118 "top [] pirat[es]" subscribed to Grande for the "ability to pirate without consequence."[5]

---

[5] While Plaintiffs claim to have "been sending letters to most of the subscribers of the 118 IP addresses," Doc. 1-1 ¶ 19, Plaintiffs conspicuously fail to state that they have subpoenaed those subscribers. "The proper mechanism for obtaining documents from a non-party to use in a lawsuit is a Rule 45 subpoena." *Enwere v. Terman Assocs., L.P.*, No. C 07-1239 JF (PVT), 2008 WL 2951795, at *1 n.7 (N.D. Cal. July 24, 2008). Plaintiffs' mention of an upcoming expert report deadline does not explain the incongruity of repeatedly subpoenaing Reddit but failing to subpoena known copyright infringers on Grande. For one, Plaintiffs fail to explain how subscriber identification relates to expert reports at all. For another, even if Plaintiff were to obtain subscriber information for the six Reddit accounts, Plaintiffs would *still* need to send subpoenas to *those* subscribers, and the Reddit subscribers are no more likely to respond to "letters" than would be the Grande subscribers.

### C. The Court should not separately analyze or reach any differing conclusion for user xBROKEx.

Plaintiffs agree that *2TheMart* applies here for all users except "xBROKEx," whom Plaintiffs argue should be analyzed under a test supplied by *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022) ("*DMCA Subpoena to Twitter*"). They argue that xBROKEx ought to be subjected to this different test, designed for an anonymous potential *defendant*, because xBROKEx mentioned torrenting "the expendables" twelve years ago. Mot. ¶ 30.

First, Plaintiffs are wrong that *DMCA Subpoena to Twitter* applies here. As this Court recognized in *RCN*, that standard applies where the target of a subpoena is "accused of copyright infringement." *RCN*, 2023 WL 3163455, at *3. Plaintiffs have not accused xBROKEx of copyright infringement in any pleading. The Subpoena does not arise out of a lawsuit that has anything to do with direct copyright infringement. *See generally* Schottlaender Decl. Ex. A. Plaintiffs' argument therefore strains credulity. They ask this Court to believe that their subpoena targets six users; five are potential witnesses, and only xBROKEx is a potential defendant due to that user's single mention of "the expendables" over twelve years ago.

Even assuming Plaintiffs actually intend to sue xBROKEx for copyright infringement, Plaintiffs have not even attempted to meet the First Amendment standard set by *DMCA Subpoena to Twitter*.[6] That standard "consists of two steps.

---

[6] If Plaintiffs read *DMCA Subpoena to Twitter* to hold that there is no First Amendment standard that applies where an anonymous user is accused of copyright infringement, they have misread the opinion. *See* Mot. ¶ 30 ("copyright law includes built in First Amendment accommodations"). *DMCA Subpoena to Twitter* expressly rejected that argument. 608 F. Supp. 3d at 877–78 ("while it may be true that the fair use analysis wholly encompasses free expression concerns in some cases, that is not true in all cases–and it is not true in a case like this."). More than half of that opinion is spent analyzing whether that movant could establish a prima facie case of copyright infringement, and whether the balance of equities supported the copyright holder in unmasking the alleged infringer. *Id.* at 878–83. The court quashed that subpoena because the copyright holder failed those tests. *Id.* at 883.

1  First, the party seeking the disclosure must demonstrate a prima facie case on the
2  merits of its underlying claim. Second, the court balances the need for the discovery
3  against the First Amendment interest at stake." *DMCA Subpoena to Twitter*, 608 F.
4  Supp. 3d at 876. Here, Plaintiffs have not attempted to make either showing with
5  respect to xBROKEx. And that showing would fail in any event. Plaintiffs cannot
6  demonstrate a prima facie case of copyright infringement against xBROKEx based
7  on their mention of "the expendables" over twelve years ago when the statute of
8  limitations for copyright infringement is three years. 17 U.S.C. § 507(b).[7] The
9  Subpoena's request for identifying information for xBROKEx should be quashed
10 under *2TheMart* or, in the alternative, because Plaintiffs have not made the
11 requisite showing under *DMCA Subpoena to Twitter*.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

---

[7] Plaintiffs argue that they only recently discovered this comment from xBROKEx. Mot. ¶ 27. That does not alter their inability to establish a prima facie case of copyright infringement. "A claim accrues once the plaintiff knows *or has reason to know of the injury upon which the claim is based*[.]" *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 235 (5th Cir. 2023) (emphasis added); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1048 (9th Cir. 2020) (explaining that "'suspicion' of copyright infringement 'place[s] upon [the plaintiff] a duty to investigate further into possible infringements of [its] copyrights'"). Plaintiffs undoubtedly knew of The Expendables being pirated at least twelve years ago. In 2011, the copyright owner for The Expendables sued over 23,000 anonymous defendants for pirating that movie. *Nu Image, Inc. v. Does*, 799 F. Supp. 2d 34 (D.D.C. 2011). That plaintiff voluntarily dismissed that litigation shortly after receiving a court order questioning the propriety of the venue, and asking the copyright owner to explain how they intended to serve over 23,000 individual defendants. *Id.* at 44.

| | | |
|---|---|---|
| 1 | Dated: July 5, 2023 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: */s/ Julie E. Schwartz* |
| | | Julie E. Schwartz |
| 4 | | JSchwartz@perkinscoie.com |
| | | 1201 Third Avenue, Suite 4900 |
| 5 | | Seattle, Washington 98101-3099 |
| | | Telephone +1.206.359.8000 |
| 6 | | Facsimile +1.206.359.9000 |
| 7 | | |
| | | Hayden M. Schottlaender |
| 8 | | *Pro Hac Vice Application Pending* |
| | | HSchottlaender@perkinscoie.com |
| 9 | | 500 N. Akard Street, Suite 3300 |
| 10 | | Dallas, Texas 75201 |
| | | Telephone:   +1.214.965.7700 |
| 11 | | Facsimile:   +1.214.965.7799 |
| 12 | | |
| | | Attorneys for Reddit, Inc |