1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE SUBPOENA TO:<br><br>REDDIT, INC. | Case No. 3:23-mc-80173-LB<br><br>**ORDER DENYING MOTION TO COMPEL AND QUASHING SUBPOENA**<br><br>Re: ECF No. 1 |

## INTRODUCTION

The plaintiffs in this discovery dispute — arising from an out-of-district case — are owners of motion-picture copyrights who claim that Grande Communications Networks LLC, an internet-service provider, is liable for its subscribers' infringing those copyrights because Grande ignores piracy on its network. *After Hours Movie LLC v. Grande Commc'n Networks, Inc.*, No. 1:21-cv-00709-RP (W.D. Tex.). The plaintiffs subpoenaed non-party Reddit for identifying information for six Reddit users' accounts and then moved to compel Reddit's compliance after Reddit objected. The users at issue posted comments from some years ago that, according to the plaintiffs, support the plaintiffs' claims. They seek the users' identities to authenticate the posts. Reddit contends that there is no need for the discovery that outweighs the users' First Amendment right to speak anonymously online. The court denied the plaintiffs' similar request, for a different out-of-district case and about other Reddit users, some weeks ago. *In re Reddit, Inc.*, --- F. Supp. 3d ----, 2023

WL 3163455 (N.D. Cal. Apr. 28, 2023). The court denies the motion to compel and quashes the subpoena because on this record, the First Amendment bars the discovery.

## STATEMENT

The plaintiffs are twenty producers of popular motion pictures.[1] The defendant is internet-service provider Grande, a limited-liability company organized under the laws of the state of Delaware and based in San Marcos, Texas.[2]

The plaintiffs own the copyrights to forty-five motion pictures that, they allege, Grande's subscribers pirate on a massive scale.[3] The plaintiffs further allege that "[m]any of [Grande's] subscribers are motivated to subscribe to Grande's service because it allows them to download movies and other copyrighted content — including unauthorized content — as efficiently as possible."[4] The plaintiffs sent over 5,500 notices informing Grande that many of its subscribers were "utilizing [Grande's] service to infringe" the plaintiffs' works. But Grande "persistently turned a blind eye to the massive infringement . . . occurring over its network."[5] The plaintiffs claim contributory copyright infringement and secondary liability for Digital Millennium Copyright Act violations, and they seek injunctive relief in addition to damages.[6]

After the plaintiffs served a subpoena for the IP addresses of 125 Grande subscribers, Grande provided 118 of the 125 addresses on May 26, 2023.[7] The plaintiffs sent letters to the 118 subscribers but "have had limited success establishing communication with most of them due to time constraints and refusals to respond to Plaintiffs' counsel's communications." The plaintiffs

---

[1] Second Am. Compl. (SAC), No. 1:21-cv-00709 (W.D. Tex.) – ECF No. 45 at 3–5 (¶¶ 6–7, 9–28). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Citations are to the ECF of the present case unless the underlying case is specified.

[2] *Id.* at 5–6 (¶¶ 29, 32).

[3] Motion Picture List, Ex. A to *id.*, No. 1:21-cv-00709 (W.D. Tex.) – ECF No. 45.

[4] SAC, No. 1:21-cv-00709 (W.D. Tex.) – ECF No. 45 at 6 (¶ 33).

[5] *Id.* (¶ 36).

[6] *Id.* at 22–27 (¶¶ 147–87).

[7] Culpepper Decl. – ECF No. 1-1 at 3 (¶ 11), 4 (¶ 16).

United States District Court
Northern District of California

"do not believe that they will be able to communicate with all subscribers before the August 7, 2023, deadline for serving expert reports on Defendant."[8] (Fact discovery apparently closes on November 3, 2023.[9]) Grande also provided discovery in response to the plaintiffs' discovery requests but did not provide any marketing studies "concerning why [its] subscribers chose its service, particularly evidence that they use the service for piracy such as what [the plaintiffs] seek from Reddit."[10]

Non-party Reddit "is a community of online communities." In those communities, which are called "subreddits," users discuss shared interests, and they generally do so anonymously.[11]

On April 24, 2023, the plaintiffs served a subpoena on Reddit for the identifying information for six Reddit user accounts.[12] The plaintiffs contend that the users posed comments on Reddit over the years that are evidence relevant to this case.[13] They cite specific comments.

In a 2018 Reddit thread titled "Texas ISP [Grande] slams music biz for trying to turn it into a 'copyright cop,'" user roboweiner says, "I have Grande and torrent a lot. Always thought it was pretty cool of them to not snitch."[14] User SquirtyBottoms said, "[l]ike everyone else I miss Grande and I'm stuck with Spectrum or AT&T in my area. I use Spectrum. Those fuckers have turned my connection off completely on one occasion and would not turn it back on until I agreed to stop pirating media."[15]

In 2011, in a thread entitled "Anyone Use Grande Communications instead of Time Warner," users Aikidi, kelsoATX, xBROKEx, and Schadenfreude_Taco posted comments:

kelsoATX: I have grande. No issues with torrent or bandwidth caps.

---

[8] *Id.* at 4 (¶ 19).

[9] Scheduling Order, Ex. B to Schottlaender Decl. – ECF No. 16-2 at 3 (¶ 5).

[10] Culpepper Decl. – ECF No. 1-1 at 4 (¶ 18).

[11] Schottlaender Decl. – ECF No. 16 at 2 (¶ 2).

[12] Culpepper Decl. – ECF No. 1-1 at 3–4 (¶¶ 13–14); Subpoena, Ex. 1 to *id.* – ECF No. 1-2.

[13] Mot. – ECF No. 1 at 6 (¶ 23).

[14] *Id.* (¶ 24); Reddit Comments, Ex. A to Subpoena – ECF No. 1-2 at 6.

[15] Mot. – ECF No. 1 at 6 (¶ 24); Reddit Comments, Ex. A to Subpoena – ECF No. 1-2 at 6.

Aikidi: Umm. I have torrented like a motherfucker all over grande and have never seen anything.

Schadenfreude_Taco: I've had grande for 3 years, downloaded about 1tb worth of stuff from torrents and uploaded just under 2tb (passthepopcorn and bitmetv)[.] Never had a single problem or got any letters.

   [T]heir newsgroups server also has excellent retention. I recently downloaded something that was ~300 days old and it was still available. You're limited to only two connections at a time, though.

xBROKEx: I usually use Torrent leech but just happened to grab the expendables from demonoid, and I guess they were using that movie as bait. No issue with Torrent leech though.[16]

Reddit objected to the subpoena, and the plaintiffs moved to compel.[17] All parties consented to magistrate-judge jurisdiction.[18] The court held a hearing on July 27, 2023.

## ANALYSIS

A party serving a subpoena may, "on notice to the commanded person, . . . move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i). The plaintiffs thus move to compel Reddit to produce the identities of its users who are the subject of the plaintiffs' subpoena. The issue is whether that discovery is permissible despite the users' right to speak anonymously under the First Amendment. The court denies the motion because the plaintiffs have not demonstrated a compelling need for the discovery that outweighs the users' First Amendment right to anonymous speech.

### 1. Legal Standard

The First Amendment protects the right to anonymous speech. *Art of Living Found. v. Does 1–10*, No. 10-cv-05022-LHK, 2011 WL 5444622, *3 (N.D. Cal. Nov. 9, 2011) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342, (1995)). That right is not absolute. *Id.* at *4. When third-party providers such as Reddit receive subpoenas to produce identifying information of

---

[16] Mot. – ECF No. 1 at 7 (¶¶ 25–26), Reddit Comments, Ex. A to Subpoena – ECF No. 1-2 at 6–7.

[17] Culpepper Decl. – ECF No. 1-1 at 4 (¶ 14); Letter, Ex. 2 to *id.* – ECF No. 1-3; Mot. – ECF No. 1.

[18] Consents – ECF Nos. 9, 14.

United States District Court
Northern District of California

United States District Court
Northern District of California

posters of anonymous speech, the court applies the appropriate First Amendment standard to ensure that a person's right to anonymous speech is protected. *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015); *In re Frontier Co.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *3 (N.D. Cal. July 25, 2019) (citing *Wilens v. Doe Defendant No. 1*, No. 3:14-cv-02419-LB, 2015 WL 4606238, at *15 (N.D. Cal. July 31, 2015), *R. & R. adopted*, No. 5:14-cv-02419-LHK, 2015 WL 5542529 (N.D. Cal. Sept. 18, 2015)); *see also In re Anonymous Online Speakers*, 661 F.3d 1168, 1172–77 (9th Cir. 2011). In addition to engaging in the relevant legal analysis, the court routinely conditions the subpoena on notice to the customer and an opportunity to be heard. *See, e.g.*, *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652 SBA (EMC), 2006 WL 1343597, at *3 (N.D. Cal. Jan. 31, 2006).

In *Anonymous Online Speakers*, the Ninth Circuit reviewed the developing tests in the area of anonymous online speech. 661 F.3d at 1174–77. The court left it to the discretion of district courts to choose the proper standard in a given case, based on the nature of the speech at issue. *Id.* at 1176–77; *see, e.g.*, *Art of Living*, 2011 WL 5444622, at *5 ("[I]n choosing the proper standard to apply, the district court should focus on the nature of the [defendant's] speech[.]") (cleaned up); *SI03, Inc. v. Bodybuilding.com, LLC*, 441 F. App'x 431, 431–32 (9th Cir. 2011) (same). "For example, . . . commercial speech should be afforded less protection than political, religious, or literary speech[.]" *Anonymous Online Speakers*, 661 F.3d at 1177.

In "evaluating the First Amendment rights of anonymous Internet users in the context of a third-party civil subpoena," district courts have followed the approach taken in *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001). *Rich v. Butowsky*, No. 20-mc-80081-DMR, 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020); *Anonymous Online Speakers*, 661 F.3d at 1176 (describing the *2TheMart.com* test). Under that approach, disclosure of anonymous users' identities is appropriate only "in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker." *2TheMart.com*, 140 F. Supp. 2d at 1095. Courts consider four factors: whether "(1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense,

United States District Court
Northern District of California

and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source." *Id.*; *Rich*, 2020 WL 5910069, at *3–4. This is a "high[] standard," *Anonymous Online Speakers*, 661 F.3d at 1176, and the factors are weighed "based on the circumstances of a given case," *Rich*, 2020 WL 5910069, at *4; *Sines v. Kessler*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *13 n.16 (N.D. Cal. Aug. 6, 2018).

The court — in the exercise of its discretion — applied the *2TheMart* anonymous-witness standard to the parties' earlier, similar dispute. *In re Reddit, Inc.*, 2023 WL 3163455, at *3. The court distinguished *In re DMCA § 512(h) Subpoena to Twitter*: the subpoena target there was accused of copyright infringement, while the Reddit users at issue in the earlier case were uninvolved third parties. *Id.* (citing *In re DMCA § 512(h) Subpoena to Twitter*, 608 F. Supp. 3d 868, 874 (N.D. Cal. 2022)). The plaintiffs accept that analysis for five of the six Reddit users here but contend that the court should apply the *Twitter* standard to user xBROKEx, who admitted to pirating the movie *The Expendables*.[19] But xBROKEx is a witness, not a defendant. He thus does on have available to him the "built-in First Amendment accommodations" of copyright law, "such as the fair use defense." *In re DMCA § 512(h) Subpoena to Twitter*, 608 F. Supp. 3d at 876. Also, the three-year statute of limitations for copyright infringement has expired. 17 U.S.C. § 507(b). The plaintiffs made no showing of a prima facie case of copyright infringement, and the court still would balance the need for the discovery against the First Amendment interest at stake. *In re DMCA Subpoena to Twitter*, 608 F. Supp. 3d at 876. Given the lack of a showing that xBROKEx is anything but an anonymous witness, the court applies the *2TheMart* standard.

## 2. Application

The plaintiffs contend that the users posted comments on Reddit over the years that are relevant to show two things: (1) Grande has not implemented a policy to terminate repeat infringers that is sufficient for a safe-harbor affirmative defense under 17 U.S.C. § 512, and (2) a

---

[19] Mot. – ECF No. 1 at 9 (¶ 30).

draw to subscribing to Grande was its subscribers' ability to pirate content efficiently.[20] They cannot get the information in another way before the August 7 deadline for serving expert reports: as discussed in the Statement, they have had limited success communicating with the 118 subscribers that Grande identified.[21]

Reddit counters that there is no compelling need for the discovery that outweighs its users' First Amendment rights, because under the fourth *2TheMart* factor, the subpoena seeks information that is available from other sources.[22] It also contends that under the third *2TheMart* factor, the information is not directly and materially relevant to the plaintiffs' claims because most of the posts are from 2011 and the posts discuss torrenting, which is "capable of commercially significant non-infringing uses" and "does not automatically equate to copyright infringement."[23]

As with the last subpoena, the plaintiffs have not shown that the identifying information is directly or materially relevant or unavailable from another source. *2TheMart.com*, 140 F. Supp. 2d at 1095. This is a high standard. *Anonymous Online Speakers*, 661 F.3d at 1176. The plaintiffs already have 118 subscribers' identifying information: they primarily resist serving those subscribers with subpoenas as burdensome and inconsistent with their August expert-disclosure deadline.[24] They are the top pirating IP addresses, and they are from a more recent time period: it is not obvious why subpoenaing even a subset of those addresses would not yield information at least equivalent to, if not better than, information from the six Reddit subscribers. The information may be relevant, but it also is attenuated: it is at best weak evidence about Grande's insufficient policy regarding repeat infringers or its appeal to pirating subscribers.

---

[20] *Id.* at 6 (¶ 23).

[21] *Id.* at 5 (¶ 16); Culpepper Decl. – ECF No. 1-1 at 4 (¶ 19).

[22] Opp'n – ECF No. 15 at 4–8.

[23] *Id.* at 5 n.4 (quoting *Columbia Pictures Indus. v. Fung*, 710 F.3d 1020, 1032–34 (9th Cir. 2013)).

[24] Reply – ECF No. 18 at 2.

United States District Court
Northern District of California

## CONCLUSION

The court denies the plaintiffs' motion to compel. This resolves ECF No. 1.

**IT IS SO ORDERED.**

Dated: July 29, 2023

LAUREL BEELER
United States Magistrate Judge